THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
James Babb, Appellant.
 
 
 

Appeal from Greenville County
 Edward W. Miller, Circuit Court Judge

Unpublished Opinion No.  2012-UP-209
Heard February 14, 2012  Filed March 28,
 2012

AFFIRMED

 
 
 
Deputy Chief Appellate Defender Wanda H. Carter,
 of Columbia, for Appellant.
Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliot, Senior Assistant Attorney General Harold M. Coombs, Jr., all of
 Columbia; and Solicitor W. Walter Wilkins
 III, of Greenville, for Respondent.
 
 
 

PER CURIAM: James Babb appeals his convictions for trafficking in methamphetamines and possession of a
 controlled substance with intent to distribute.  Babb argues police illegally
 stopped and searched a car in which he was traveling, and therefore the trial
 court erred in denying his motion to suppress evidence of the drugs found in
 the car.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following
 authorities: 
1.  As to whether the stop was lawful: State v. Provet, 391 S.C. 494, 499, 706 S.E.2d 513, 516 (Ct. App. 2011)
 (stating a police officer's decision to conduct a traffic stop is reasonable
 under the Fourth Amendment when the officer has probable cause to believe a
 traffic violation has occurred), reh'g denied, (Mar. 23, 2011); S.C.
 Code Ann. § 56-5-6520 (2006) (providing an occupant of a vehicle travelling on
 a public street must wear a seatbelt); S.C. Code Ann. § 56-5-6540(E) (Supp. 2011)
 (providing a police officer may stop a vehicle when he has probable cause to
 believe a seatbelt violation has occurred based on a clear and unobstructed
 view of someone in the vehicle not wearing a seatbelt).
2.  As to whether the
 search was lawful: Provet, 391 S.C. at 500, 706 S.E.2d at 516 (stating
 detention beyond an initial stop is permissible when the detention has become a
 consensual encounter); S.C. Code Ann. § 56-5-6540(D) (providing a police
 officer may not request consent to search a vehicle solely because of a
 seatbelt violation); State v. Willard, 374 S.C. 129, 135-36, 647 S.E.2d
 252, 255-56 (Ct. App. 2007) (affirming trial court's ruling that defendant
 voluntarily consented to search when the record contained no evidence of
 threats, force, coercion, or promises causing the defendant to give consent).
AFFIRMED.
FEW, C.J., and HUFF and SHORT, JJ.,
 concur.